UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFFREY VIVERETTE,

          Petitioner,

v.                                   CASE NO.: 8:10-cv-02897-T-17TBM

SECRETARY, DEPARTMENT OF CORRECTIONS,

          Respondent.

_____

## ORDER

This cause is before the Court on Jeffrey Viverette's timely-filed 28 U.S.C. §2254

petition for writ of habeas corpus. Viverette challenges his conviction and sentence entered by

the Circuit Court for the Thirteenth Judicial Circuit, Hillsborough County, Florida. On March 24,

2011, Respondent filed a response to the petition. (Doc. 8). Viverette filed a reply to response on

June 29, 2011. (Doc. 10). A review of the record demonstrates that for the following reasons, the

petition must be **denied**.

### PROCEDURAL HISTORY

On February 20, 2002, Jeffrey Viverette was charged by indictment with two counts of

first degree murder and two counts of attempted first degree murder. (Ex. 1). Viverette was tried

by a jury and on June 27, 2003, the jury found Viverette guilty on all counts. (Ex. 3). Viverette

was sentenced to life in prison on August 7, 2003. (Ex. 4). Viverette, through counsel, appealed

his conviction where he raised three issues. (Ex. 5). The State filed an answer brief (Ex. 6) and

Viverette filed a reply brief. (Ex. 7). On September 8, 2004 the State District Court of Appeal affirmed the convictions and sentences. (Ex. 8). The mandate issued October 21, 2004. (Ex. 9).

On August 25, 2005, Viverette filed a rule 3.850 motion for post-conviction relief. (Ex. 10). On May 11, 2006, the circuit court denied the petition in part and ordered the State to respond in part. (Ex. 11). The State filed its response on June 7, 2006 (Ex. 12), and the circuit court ordered an evidentiary hearing on June 21, 2006. (Ex. 13). On January 19, 2007, Viverette filed a motion to amend three of his twelve grounds (Ex. 14), and then on January 31, 2007 he filed an addendum in which he sought to add a thirteenth ground. (Ex. 15). On March 20, 2007, the state trial court entered an order allowing Viverette's amendments to the three grounds and denied those same grounds on the merits. (Ex. 16). Additionally, the court denied the thirteenth ground in the addendum as untimely. (Ex. 16).

On September 11, 2007, the evidentiary hearing took place. (Ex. 17). On May 20, 2008, the circuit court entered a final order denying Viverette's 3.850 motion. (Ex. 19). Thereafter, Viverette appealed and filed an initial brief. (Ex. 20). The State filed an answer brief (Ex. 21) and Viverette filed a reply brief. (Ex. 22). On August 13, 2010, the Second District Court of Appeal affirmed the denial of Viverette's 3.850 motion. (Ex. 23). Following the denial of rehearing on September 24, 2010 (Ex. 24), the mandate issued November 4, 2010. (Ex. 25). On December 23, 2010, Viverette filed the present 28 U.S.C. §2254 petition. (Doc. 1).

## STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") reformed the federal habeas court's role in reviewing state prisoner applications to prevent federal habeas retrials and to ensure state-court convictions are given effect to the extent possible under law. Bell v. Cone, 535 U.S. 685 (2002). Under § 104 of the AEDPA,  § 2254(d) states that federal

courts must forbid granting habeas relief for claims previously "adjudicated on the merits" in state court, unless it can be established that the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established" Supreme Court law, or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1) & (2).

When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence any indication or state law procedural principles to the contrary. Harrington v. Richter, 131 S.Ct. 770, 784-85 (2011). Where the state court does explain its reasoning, that decision receives AEDPA deference even if the state court fails to cite – or is even aware of – relevant Supreme Court precedent. Childers v. Floyd, 642. F. 3d 952, 968 (11th Cir. 2011)(citing Early v. Packer, 537 U.S. 3, 8 (2002) (per curiam)).

Review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. Section 2254(d)(1) refers, in the past tense, to a state court adjudication that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law. This requires an examination of the state court decision at the time it was issued. It follows that the record under review is limited to the record in existence at that same time, i.e., the record before the state court. Cullen v. Pinholster, 131 S.Ct. 1388, 1398-1401 (2011).

Under the "contrary to" clause, a federal habeas court may not grant the writ unless the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, the federal

3

habeas court should not grant the writ unless the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000).

In addition, § 2254(e)(1) "provides for a highly deferential standard of review for factual determinations made by a state court." Robinson v. Moore, 300 F.3d 1320, 1342 (11th Cir. 2002). The federal court will presume the correctness of state court findings of fact unless the petitioner is able to rebut that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Additionally, under 28 § 2254(e)(2), if a habeas applicant "has failed to develop the factual basis of a claim in state court proceedings, the [federal] court shall not hold an evidentiary hearing on the claim" unless he shows "(A) the claim he relies on – (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense." Id.

### Procedural Standard

Claims that are procedurally defaulted in state court are not reviewable by a federal court unless the petitioner demonstrates cause for the default and actual prejudice, Wainwright v. Sykes, 433 U.S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977) or establishes a fundamental miscarriage of justice occasioned by a constitutional violation that resulted in the conviction of a defendant who was "actually innocent." Murray v. Carrier, 477 U.SS. 478, 496, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986). The state court decision resting on an adequate foundation of state substantive law is immune from review in the federal courts because the:

4

> application of this principle in the context of a federal habeas proceeding
> has therefore excluded from consideration any questions of state substantive
> law, and thus effectively barred federal habeas review where questions of
> that sort are either the only ones raised by a petitioner or are in themselves
> dispositive of his case.

Sykes at 81. Thus, absent a showing of cause for the noncompliance and some showing of actual

prejudice resulting from the alleged constitutional violation, review of a claim brought for the

first time in a federal habeas corpus application is procedurally barred from review. Id.

### Ineffective Assistance of Counsel Standard

To prevail on a claim of ineffective assistance of trial or appellate counsel, a petitioner

must meet the two-part test set forth in Strickland v. Washington, 466 U.S. 668 (1984).

Strickland's two-part test requires a petitioner to demonstrate that counsel's performance was

deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the

result of the proceeding would have been different." Id. However, if a claim fails to satisfy the

prejudice component, the court need not make a ruling on the performance component.

In ruling on a federal habeas petition after a ruling on the merits in state court, the

petitioner must show that the state court's determination of the issue was unreasonable. Thus the

question "is not whether a federal court believes the state court's determination" under the

Strickland standard "was incorrect but whether that determination was unreasonable --a

substantially higher threshold." Knowles v. Mirzayance, 556 U.S. 111 (2009). And, because the

Strickland standard is a general standard, "a state court has even more latitude to reasonably

determine that a defendant has not satisfied that standard." Id.

An error by counsel, even if professionally unreasonable, does not warrant setting aside

the judgment of a criminal proceeding if the error had no effect on the judgment. United States

v. Morrison, 449 U.S. 361, 364-365 (1981). In other words, in order to satisfy the prejudice

requirement, a defendant claiming ineffective assistance of counsel during the trial process must show that there is a reasonable probability that, but for counsel's errors, the outcome of the trial would have been different. The standard of review is "doubly deferential" when a Strickland claim is evaluated under the § 2254(d)(1) standard. Knowles v. Mirzayance, --- U.S. ---, 129 S. Ct. 1411,1420 (2009).

## DISCUSSION

## GROUND ONE

Viverette contends his trial counsel was ineffective for failing to call Michael Berrien, Lataujua Harvey, Tiffany Carter and Eric Brown as witnesses at his trial. Viverette asserts that Brown would have testified that Viverette was not the shooter; Carter and Berrien would have testified that the area where the shooter was located was not well-lighted and that they could not see the shooter clearly; and that Harvey and Berrien would have provided descriptions of the shooter which did not match Viverette.

In addressing the Strickland test, the court must ask whether the state court's determination was unreasonable in light of the facts and circumstances at trial. In denying relief, the state court determined that counsel's testimony at the evidentiary hearing was credible. The federal courts have concurred that "which witnesses, if any, to call, and when to call them, is the epitome of a strategic decision, and it is one that we will seldom, if ever, second guess." Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995). The record reflects that at the evidentiary hearing, Viverette's trial attorneys explained their reasons for not calling Berrien, Harvey, Carter and Brown as witnesses, and this testimony was deemed credible. Skye, one of Viverette's trial attorneys, testified that the decisions concerning which witnesses to call were primarily made after discussions among Viverette's three trial attorneys. Skye also explained that the attorneys

6

took numerous depositions and discussed which witnesses to call with Viverette and the advantages and disadvantages of calling each witness. Skye testified that his impression, after talking with Brown and Berrien was that they knew who the shooter was and were avoiding testifying by claiming they did not recognize the shooter. Additionally, Skye pointed out that he "did not trust what answer they were going to give when pressed by the prosecutor," and he did not think it was "worth the risk of turning them into a surprise state witness, which has happened before." (Ex. 17, p.174).

"The mere fact that other witnesses might have been available or that other testimony might have been elicited from those who testified, is not a sufficient ground to prove ineffectiveness of counsel." Id. at 1514. Viverette has not shown prejudice because he has failed to demonstrate that there is a reasonable probability that, but for counsel's "alleged" errors, the outcome of the trial would have been different. Viverettes's trial attorneys independently examined the facts, circumstances, pleadings and applied the law involved, and then offered an informed opinion as to the best course to be followed in protecting the interests of their client, as required under Strickland. Reviewing the decisions of the attorneys at the time of trial, in the light most favorable to Viverette, Viverette fails to satisfy the high threshold, that the decision of the state court was unreasonable. Viverette cannot establish that the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established" Supreme Court law, or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."

Ground one does not warrant habeas corpus relief.

## GROUND TWO

Viverette raises four claims of ineffective assistance of counsel based on counsel's failure to adequately impeach or fully cross-examine witnesses Darren Nelson, Detective Robert Holland, John Speights and Officer Manuel Sanchez. Viverette first contends that counsel inadequately cross-examined Nelson. Viverette contends counsel failed to bring out the fact that Nelson had given two significantly different descriptions of the shooter to police, one of which was inconsistent with describing Viverette as the shooter. Viverette contends counsel failed to elicit the fact that Nelson stated during his deposition that Speights had asked Nelson if Nelson had a gun and that Nelson never saw Speights at the time of the shooting. Viverette asserted that Speights had identified Viverette as the shooter and that Speights would have known whether Nelson had a gun if he had actually been present at the time of the shooting.

The state court ruled that these allegations were conclusively refuted by the record. The record showed that despite Viverette's allegations against his counsel, Nelson was cross-examined about giving a description to police that did not match Viverette, and counsel also brought out the inconsistences of Nelson's testimony. The record does not show that there was a prejudicial impact by not asking Nelson questions about Speights. Additionally, the decision by counsel not to question Speights about whether Nelson had a gun on the night of the murder would not have affected Speights' credibility. Regardless, the possibility that Speights may not have known whether Nelson had a gun if Speights were looking at Viverette, or if Nelson had the gun concealed, further demonstrates that the hypotheticals were not prejudicial to the outcome of the case. Additionally, the fact that Nelson may not have seen Speights at the scene would not contradict the fact Nelson was there, nor the fact Nelson stated Viverette was the shooter.

Viverette next contends that counsel was ineffective for failing to adequately cross-examine Holland and Speights. Viverette asserts that counsel was ineffective for not eliciting from Holland and Speights that Speights was a confidential informer. Viverette asserts that these questions, if asked, would have called Speights' credibility into question. The state court found that the record reflected that these allegations were conclusory and lacked factual support. Viverette does not allege any facts to support his contention that Speights was working as a confidential informant, and the mere conclusion that Speights had been a confidential informer in other cases was irrelevant to his credibility in this case.

Viverette contends in his third claim that counsel was ineffective for not properly cross-examining Sanchez by not eliciting Nelson's inconsistent descriptions of the shooter. The state court addressed this issue during Nelson's cross-examination and the mere fact that Sanchez was not questioned was not prejudicial to the outcome of the case.

The allegations of ineffective assistance of counsel for failing not to illicit the previously mentioned facts does not meet the high burden of showing the state court's decision was unreasonable. The mere fact that Viverette has identified acts or omissions that he believes were unreasonable does not mean he has shown counsel was outside the wide range of professionally competent assistance. The courts have reiterated that:

> the test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

White v. Singletary, 972 F.2d 1218, 1220-21 (11th Cir. 1992). Because Viverette cannot demonstrate that any prejudice resulted from the attorneys' strategic decision making during trial and no facts support unreasonable assistance regarding the cross-examination of each of these

witnesses, Viverette fails to show counsel was ineffective. Viverette fails to establish that the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established" Supreme Court law, or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."

Ground two does not warrant habeas corpus relief.

### GROUND THREE

Viverette contends that counsel was ineffective for not objecting to the State's motion in limine to exclude any mention that Nelson had cocaine "in his system" on the night of the shooting. Viverette alleges that it was unreasonable for counsel not to object to this motion because another witness, Latauja Harvey, had seen and heard Nelson, on the night of the murder, arguing over drugs with another person. Viverette also contends that Harvey saw this same person who was arguing with Nelson fire a gun into the crowd. Viverette contends this testimony shows he was not the shooter. Viverette believes that failing to object to the motion in limine combined with the effect of Harvey's deposition, would have been enough to cast doubt on Viverette's conviction and demonstrates counsel was ineffective.

The State raised this issue at the evidentiary hearing, where Jorge Chalela, one Viverette's trial attorneys, testified that he "did not have a good faith basis" to object to the motion. The state court found the attorney's testimony to be credible and did not find that failing to object to the motion in limine was unreasonable under Strickland.

As discussed during the evidentiary hearing, Harvey was not called as a witness because her testimony would have brought out that the person arguing about drugs with Nelson, who subsequently shot the gun, would fit a description of Viverette. For the same reasons discussed in

10

ground one, Harvey was not called to testify because calling Harvey would have been "absurdly incompetent." Harvey's testimony would have hurt the defense by providing a description of the shooter matching Viverette. If counsel had called Harvey to testify, Viverette's defense would have been prejudiced by her testimony.

The decision not to object to the motion in limine and not to call Harvey was a strategic decision which was reasonable at the time it occurred and did not cause prejudice to Viverette. These decisions failed to prove counsel was ineffective.

Ground three does not warrant habeas corpus relief.

### GROUND FOUR

Viverette contends that counsel was ineffective for not presenting a mistaken identity defense. Viverette alleges this defense could have reasonably been presented along with the alibi defense[1], which also was not presented at his trial. Viverette contends that because his attorneys were aware of the mistaken identity defense and chose not to present it, Viverette believes that this was an unreasonable decision by his counsel.

The state court found that Viverette did not present any specific witnesses to support this claim. During the process of his trial and post-conviction motions, Viverette established that any mistaken identity defense would have involved calling witness. These witnesses are the same witnesses named in ground one. In essence, the issue is this ground is the same as the issue in ground one. Viverette has not presented any facts to support his contention that the decision not

---

[1] The trial attorneys never filed an 3.200 Notice of Alibi and thus never notified the prosecution of attempting to assert this defense. It was discussed and decided between Viverette and his attorneys that the alibi argument would be detrimental to Viverette's defense. As Viverette's trial attorneys stated at the evidentiary hearing (Ex 17), and throughout the record, the alibi defense, which would have involved the mistaken identity argument, would have contradicted all of the defense witnesses' testimonies and put the credibility of the defendant and his defense strategy into question. The alibi defense, if used, would have confused the jury by giving two different time lines and two different locations of where Viverette was before, during and after shooting.

to assert the mistaken identity defense prejudiced the outcome of his case. Therefore he has not established his attorneys were ineffective.

Ground four does not warrant habeas corpus relief.

## GROUND FIVE

Viverette contends that counsel was ineffective for not presenting evidence that someone else could have committed the crimes for which he was ultimately convicted. Viverette alleges that had evidence been presented that Sabrina Viverette, Viverette's sister, had threatened Nelson, and Harvey's statement that the shooter was someone who had argued about drugs with Nelson, the outcome of this case would have been different.

The state court found that the evidence and testimony presented at the evidentiary hearing contradicted Viverette's claim. The state court found that the strategic reasons for not allowing Harvey to testify were not unreasonable. Counsel chose not to call Harvey because if she had testified, her testimony would consisted of her describing the shooter as someone fitting Viverette. Counsel chose not to call Sabrina Viverette because her testimony on cross-examination could not have avoided her being asked about threatening Nelson prior to the shooting, which in turn provided motive as to why Viverette would be the shooter.

It is clear that Sabrina Viverette's threat against the victim, Nelson, would ultimately hurt the defense and not aid it. It is also clear that the additional testimony of Harvey describing the shooter as someone that would fit Viverette's description would have hurt the defense more. Since the state court found the testimony of the trial counsel credible and the cumulative effect of this allegation without merit at the same time, the court found that it was reasonable for counsel to have made these decisions. Because Viverette has not presented facts to support that this

decision prejudiced the outcome of the case, this argument failed to meet the burden under Strickland.

Ground five does not warrant habeas corpus relief.

## GROUND SIX

Viverette contends that counsel was ineffective for misadvising him on the decision of whether to call witnesses. Viverette alleges he did not agree with his counsel and was not able to challenge their decision about who they called. Viverette contends counsel was ineffective because he had no say in which witnesses ultimately testified and that counsel made him believe it was their decision, not Viverette's, as to who testified. Viverette also contends counsel failed to call certain witnesses that he asked counsel to call.

The state court found that this ground had no merit because it was conclusory and lacked factual support. Viverette fails to present any fact from the record that indicates his objections or his unwillingness not to agree with the attorneys' decisions. At the evidentiary hearing, Viverette failed to support this argument, and his trial attorneys gave testimony to contradict this claim by explaining the discussions they had with Viverette about the potential witnesses. The record also reflects that the attorneys shared memos discussing conversations with Viverette about why counsel wished to call certain witnesses and benefits and detriments associated with each witness. It was also reiterated in the record that counsel made sure Viverette understood which witnesses were going to be called or not going be called and legal issues of why. Although Viverette alleges that his decision to call these witnesses was an abrogation of his Sixth Amendment right to compulsory process and also his Fourteenth Amendment right to due process, Viverette does not provide additional details nor does a review of the record support these claims.

The courts have reiterated that which witnesses, if any, to call, and when to call them, is the epitome of defense counsel's strategic decision. <u>Waters v. Thomas</u>, 46 F.3d 1506, 1512 (11th Cir. 1995). Viverette fails to provide any factual support in this claim.

Ground six does not warrant habeas corpus relief.

## GROUND SEVEN

Viverette contends that counsel was ineffective for failing to ensure a conflict-free trial. Viverette alleges that the defense counsel John Skye had previously worked as a Hillsborough County prosecutor and because of his relationship with the prosecutor in Viverette's case, Skye intentionally failed to defend this case. The state court found that this allegation was factually conclusory and lacked any support from the record indicating any prejudice from Skye's prior employment. Despite this, Viverette contends that his trial was unfair.

It is well settled that lawyers who has conflicting interests with opposing counsel cannot provide the adequate legal assistance as required by the Sixth Amendment. It is also well settled that:

> the Sixth Amendment requires state courts themselves to initiate inquiries into the propriety of multiple representations in every case. Defense counsel has an ethical obligation to avoid conflicting representations and to advise the court promptly when a conflict of interest arises during the course of trial. Absent special circumstances …trial courts may assume either that multiple representation entails no conflict or that the lawyer and his clients knowingly accept such risk of conflict as may exist.

<u>Cuyler v. Sullivan</u>, 446 U.S. 335, 346-347 (U.S. 1980).

To state that counsel is ineffective because an attorney previously worked with opposing counsel is not enough to demonstrate a conflict of interest. Suggesting that such a relationship would suffice to make counsel ineffective without further facts is not the law. Viverette has

failed to show counsel was ineffective for having a conflict of interest. The factual support of grounds one through six further undermines this claim.

Ground seven does not warrant habeas corpus relief.

## GROUND EIGHT

Viverette contends that counsel was ineffective for not obtaining a gun-powder residue expert to testify at his criminal trial. As noted in the state court appeals, Viverette failed to raise this ground in his post-conviction motions, despite filing an untimely addendum to his motion. Because the addendum was deemed untimely by the state court, the claim is procedurally barred from federal habeas review.

Claims that are procedurally defaulted in state court are not reviewable by a federal court unless the petitioner demonstrates cause for the default and actual prejudice, Wainwright v. Sykes, 433 U.S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977) or establishes a fundamental miscarriage of justice occasioned by a constitutional violation that resulted in the conviction of a defendant who was "actually innocent." Murray v. Carrier, 477 U.S. 478, 496, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986). Viverette has not shown cause and prejudice to overcome the procedural default nor does this amount to a miscarriage of justice. Absent that showing of cause for the noncompliance or some showing of actual prejudice resulting from an alleged constitutional violation, this claim is barred from federal review.

This claim is also without merit. Viverette fails to allege any factual support on this claim and combined with the cumulative evidentiary showings, he fails to show that presenting a gun-residue expert testimony could have changed the outcome of his trial. The State provided more than enough evidence at trial to allow the jury to find Viverette guilty.

Ground eight does not warrant habeas corpus relief.

## GROUND NINE

Viverette contends that counsel was ineffective due to the cumulative effect of the previously alleged errors and omissions. Viverette raised these same grounds in state court, and the state court found every ground had no merit. Likewise this court finds that each allegation and the cumulative effect of the alleged errors and omissions does not challenge the state court's finding.

Ground nine does not warrant habeas corpus relief.

## GROUND TEN

Viverette contends that he was denied due process at the State evidentiary hearing. Despite raising a constitutional issue on his federal habeas petition, Viverette does not allege any applicable constitutional provision or applicable federal law entitling him to collateral review.

The law is well settled that errors in state collateral review cannot form the basis for federal habeas corpus relief. <u>Kenley v. Bowersox</u>, 228 F.3d 934, 939 (8th Cir. 2000)(siding with the majority of federal circuits in holding that violations of due process during state post-conviction proceedings are not remediable by federal habeas corpus). Because Section 2254 does not authorize federal courts to review collateral state post-conviction proceedings, this ground is procedurally barred. <u>Williams-Bey v. Trickey</u>, 894 F.2d 314 (8th Cir. 1990).

Ground ten does not warrant habeas corpus relief.

## GROUND ELEVEN

Viverette contends that the trial court erred in denying his motion for judgment of acquittal because the State failed to prove premeditation. Although Viverette raised a similar claim on the state court level, he failed to raise the federal claim in the state courts and because of this, the claim is procedurally barred.

The law is well settled that a state prisoner seeking habeas relief must present his claim in each appropriate state court to alert that court to the claim's federal nature. <u>Baldwin v. Reese</u>, 541 U.S. 27, 124 S. Ct. 1347, 1350, 158 L. Ed. 2d 64 (2004). Essentially, the state court must be aware of the fact that a federal claim is being asserted; otherwise the claim will be procedurally barred. <u>Duncan v. Henry</u>, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995).

This claim also lacks merit. The claim which was raised in state court discusses premeditation. Under Florida law, premeditation may be proven by evidence including, but not limited to, such factors as the nature of the weapon, the manner of the killing, the wounds inflicted upon the victim, existing bad-blood between the parties, or the presence or absent of some form of provocation. <u>Green v. State</u>, 715 So.2d 940 (Fla. 1998). The record reflects that Viverette was identified as the shooter; there was a verbal conflict prior to the shooting between Viverette and the victim Nelson; there was a history of bad-blood between the victim and Viverette stemming from a prior relationship with a female, and absent this relationship between Viverette and Nelson, there were no other forms of negative connections to Viverette and the victims. The evidence conclusively addressed the premeditation and there was no error in the way the evidence was presented to the state court.

Viverette cannot establish that the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established" Supreme Court law, or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."

Ground eleven does not warrant habeas corpus relief.

17

## GROUND TWELVE

Viverette contends that the standard jury instruction on premeditation, which was given at his trial, was inadequate and deprived him of due process because it did not inform the jury that premeditation includes deliberation.

The standard inquiry that courts follow in reviewing due process questions about jury instructions is explained in <u>Waddington v. Sarausad</u>, which states:

> habeas precedent places an especially heavy burden on a defendant who seeks to show constitutional error from a jury instruction that quotes a state statute. Even if there is some ambiguity, inconsistency, or deficiency in the instruction, such an error does not necessarily constitute a due process violation. Rather, the defendant must show both that the instruction was ambiguous and that there was a reasonable likelihood that the jury applied the instruction in a way that relieved the State of its burden of proving every element of the crime beyond a reasonable doubt. In making this determination, the jury instruction may not be judged in artificial isolation, but must be considered in the context of the instructions as a whole and the trial record. Because it is not enough that there is some slight possibility that the jury misapplied the instruction, the pertinent question is whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process.

555 U.S. 179, 191 (U.S. 2009). In the instant case, Viverette's jury instruction was the standard instruction given in Florida.

Viverette must show that the instruction on premeditation was ambiguous and that there was a reasonable likelihood that the jury applied the instruction in a way that relieved the State of its burden of proving every element of premeditated murder beyond a reasonable doubt. Viverette has failed to do so. The law is clear that the pertinent inquiry is whether the jury instruction so infected the entire trial that the resulting conviction violates due process, which in this case, it did not. The state court gave a standard jury instruction, which is not unconstitutional. Viverette does not present any support to suggest that the instruction was unfair or prejudicial to his case. Viverette cannot establish that the adjudication "resulted in a decision

that was contrary to, or involved an unreasonable application of, clearly established" Supreme

Court law, or "resulted in a decision that was based on an unreasonable determination of the

facts in light of the evidence presented in the state court proceeding."

Ground twelve does not warrant habeas corpus relief.

**VIVERETTE'S REPLY**

Viverette's arguments in the reply are not persuasive, and Viverette is not entitled to an

evidentiary hearing on any of the grounds in his 28 U.S.C. § 2254 petition for writ of habeas

corpus.

Accordingly, the Court orders:

That Viverette's petition is **denied**. The Clerk is directed to enter judgment against

Viverette and to close this case.

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the

Rules Governing Section 2254 Cases in the United States District Courts because Petitioner has

failed to make a substantial showing of the denial of a constitutional right as required by 28

U.S.C. § 2253(c)(2). Because Petitioner is not entitled to a certificate of appealability, Petitioner

is not entitled to appeal in forma pauperis

**ORDERED** in Chambers at Tampa, Florida, this 8th day of November, 2011.

ELIZABETH A KOVACHEVICH
UNITED STATES DISTRICT COURT JUDGE

Copies to: All parties and counsel of record